IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT FO MISSISSIPPI
JACKSON DIVISION

WACHOVIA BANK, NATIONAL ASSOCIATION                                PLAINTIFF

V.                                                   CIVIL ACTION NO.: 3:09-CV-761-DPJ-FKB

WAGGENER ESTATES, LLC and
THOMAS M. HARKINS, JR.                                                    DEFENDANTS

**ORDER**

This contract dispute is before the Court on Plaintiff Wachovia's Motion for Summary Judgment [19]. Finding no genuine dispute of material fact, the Court concludes that Plaintiff's Motion should be granted.

I.      Facts & Procedural History

This dispute arises from a September 2007 construction loan Wachovia Bank made to Waggener Estates, LLC and Thomas M. Harkins, Jr. as co-obligors. The $470,000 loan, as evidenced by a promissory note signed by Defendants, was secured by a mortgage on an 18+ acre vacant parcel of land in Madison, Mississippi. The note matured on October 17, 2009, and Wachovia sent the borrowers a letter demanding payment in full. Defendants failed to pay the amount due, and the loan entered default. On September 16, 2010, Wachovia held a foreclosure sale on the collateral property where it was the highest bidder with a credit bid of $135,900. Wachovia credited this amount to Defendants' outstanding obligations and thereafter instituted this action for deficiency.

Wachovia now seeks summary judgment on the issues of liability, under the promissory note, and damages, in the amount of $241,034.14, plus costs and interest. Defendants initially failed to respond. After the Court entered a show-cause Order [23] on January 20, 2011, Defendants responded in opposition, but without any supporting record evidence. Wachovia

then replied, and the Court has fully considered the matter in light of the applicable standards. Diversity jurisdiction exists under 28 U.S.C. § 1332.

II.     Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.   Analysis

    A.   Defendants' Liability for Breach of Contract

Wachovia first argues that Defendants breached their obligations under the terms of the promissory note.  Wachovia asserts that a bank may establish prima facie entitlement to judgment with an affidavit from a competent witness establishing "that the note was executed by [Defendants], was held by the Bank, was not paid when due[,] and had not been paid as of the date of the affidavit[,] . . . the means of computing the amount due and payable on any given day."  *Hill v. Consumer Nat'l Bank*, 482 So. 2d 1124, 1128 (Miss. 1986).  Wachovia provided this information through the affidavit of Assistant Vice President Mary Rassias.  *Id*.

In their Response, Defendants essentially ignore Wachovia's claim that Defendants are in breach.  But they contend, without filing a separate motion to strike as required by Local Rule 7(b)(3)(C), that the Rassias affidavit "should be stricken and not considered as it was not presented at the time the Motion for Summary Judgment was filed."  Defs.' Mem. [25] at 3.  Although Wachovia seems to accept that the affidavit was filed one day late, it was attached to Wachovia's Motion for Summary Judgment and then separately filed the next day.  *See* Pl.'s Mot. [19] Ex. A, Rassias Aff.[1]  Defendants also claim that the affidavit "was not made on the personal knowledge of the Affiant."  Defs.' Resp. [24] at 2.  But Rassias expressly states that she has personal knowledge of all facts set forth in her affidavit.  Pl.'s Mot. [19] Ex. A, Rassias Aff. ¶ 3.  Defendants offer no record evidence to the contrary.  Thus, "[t]here can be no genuine issue

---

[1] Even if Wachovia had filed the affidavit one day late, the Court would consider it under Rule 6(c)(2).  The one day delay, had it actually occurred, would not have prejudiced Defendants who filed their response approximately two months after it was due.

as to any material fact," in light of Defendants' "complete failure of proof. . . ." *Celotex*, 477 U.S. at 323.

      B.      Wachovia's Right to a Deficiency Judgment

The bulk of Defendants' four-page Response disputes the existence of a deficiency following Wachovia's foreclosure sale of the collateral. Generally, when a mortgagee executes a foreclosure sale to satisfy a mortgage, the mortgagee is entitled to a deficiency decree against a mortgagor for the balance due on the loan. Miss. Code Ann. § 11-5-111 (2010). "[T]he mortgagee first must show that it has endeavored to collect the indebtedness out of the land." *Hartman v. McInnis*, 996 So. 2d 704, 711 (Miss. 2007) (citing *Lake Hillsdale*, 473 So. 2d at 466). "Then the mortgagee must show whether the value of the property satisfies the debt of the mortgagor." *Id.* And where the foreclosing creditor is the foreclosure-sale purchaser, it must give the debtor fair credit for the commercially reasonable value of the collateral. *Wansley v. First Nat'l Bank of Vicksburg, Vicksburg, Miss.*, 566 So. 2d 1218, 1221–22, 1224–25 (Miss. 1990). To determine the adequacy of the purchase price in satisfying the debt, the mortgagee must establish the fair market value of the property. *Allied Steel Corp. v. Cooper*, 607 So. 2d 113, 118–19 (Miss. 1992) (citing *Wansley*, 566 So. 2d at 1224; *Haygood v. First Nat'l Bank*, 517 So. 2d 553, 556 (Miss. 1987); *Lake Hillsdale Estates, Inc. v. Galloway*, 473 So. 2d 461, 465 (Miss. 1985)).

As stated, Wachovia must show that it attempted to satisfy Defendants' obligations through a commercially reasonable foreclosure sale of the property. But "something more than a difference between the price paid at the foreclosure and the amount of the indebtedness must be demonstrated before the mortgagee is entitled to a deficiency judgment." *Wansley*, 556 So. 2d at 1224 (quoting *Lake Hillsdale*, 473 So. 2d at 466). Rather, "[t]he mortgagee must show that the

value of the property obtained at foreclosure is insufficient to satisfy the indebtedness." *OMP v. Sec. Pac. Bus. Fin., Inc.*, 716 F. Supp. 251, 259 (N.D. Miss. 1989) (citing *Rankin Cnty. Bank v. McKinion*, 531 So. 2d 822, 825 (Miss. 1988)).  In other words, a mortgagee who purchases collateral at a foreclosure sale may not recover a deficiency if its winning bid is not commercially reasonable.  *See Hartman*, 996 So. 2d at 710 (citing *Wansley*, 556 So. 2d at 1223).

Defendants argue that Wachovia has failed to prove that it attempted to collect Defendants' indebtedness out of the collateral in light of the "extremely low sale price" accepted at the foreclosure sale.  They further argue, with no supporting evidence, that "[t]he collateral was worth far in excess of the price obtained in foreclosure."  Defs.' Mem. [25] at 3.  Consequently, Defendants ask the Court to presume the sale was "commercially unreasonable."  *Id.*

"The adequacy of the bid price is a question of law" that the Court evaluates under a "shocks-the-conscience" standard.  *Haygood*, 517 So. 2d at 556; *Myles*, 217 So. 2d at 35.  While "the threshold of inadequacy, or what it takes to shock the conscience of the court, has been a somewhat imprecise standard," courts applying Mississippi law have "long followed the rule of thumb of 'about forty percent' of fair market value first articulated in *Weyburn v. Watkins*, 44 So. 145, 145–46 (1907)."  *Allied Steel*, 607 So. 2d at 120.

"Fair market value" is defined as "[t]he price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's-length transaction."  *Black's Law Dictionary* 1691 (9th ed. 2009).  To establish the fair market value, Wachovia submitted the appraisal of Licensed Appraiser Harvey Little.  *See* Pl.'s Reply [27] Ex. 1.[2]  Defendants assert that fair

---

[2]Wachovia failed to include the appraisal with its original motion and instead offered an unauthenticated copy with its reply.  Thus, the Court gave Wachovia one week to authenticate the Little appraisal and Defendants 14 additional days to respond.  *See* Text Order, Feb. 28,

market value is a question of fact. But they offer no evidence and did not even respond to the affidavit when given the opportunity. "[T]here is no issue for trial unless there is sufficient evidence [before the Court] favoring the nonmoving party." *Harris v. Brush Wellman Inc.*, No. 1:04-cv-598-HSO-RHW, 2007 WL 5960181, at *3 (S.D. Miss. Oct. 30, 2007) (citation omitted). Therefore, the Court accepts Wachovia's estimate of the property's fair market value.[3]

Wachovia paid $135,900 for the property at the September 16, 2010 foreclosure sale and credited the same to Defendants' outstanding obligation. This represented 90% of the property's $151,000 fair market value as established by the Little appraisal. Under Mississippi law, Wachovia's bid was commercially reasonable. Indeed, applying the Mississippi rule of thumb, $135,900 would still have been a commercially reasonable bid even had the property been valued at $339,750.

Despite Wachovia's credit bid, a deficiency of $203,862.80 still remained. This is the deficiency, plus interest, costs, and fees, that Wachovia now seeks to recover. Defendants offer no evidence to dispute these amounts.[4]

---

2011. Wachovia immediately filed the required Affidavit [30], but Defendants never replied.

[3]Under Mississippi law, which applies in this diversity action, Wachovia's estimate otherwise appears meritorious. In *Allied Steel Corp. v. Cooper*, the Mississippi Supreme Court affirmed the trial court's acceptance of the mortgagee's proffered fair market value over that offered by the mortgagor because the mortgagee's estimate was "supported by reasonable evidence in the record and not manifestly wrong." 607 So. 2d 113, 119 (Miss. 1992). The court noted that the mortgagee's estimate was explained in detail in a comprehensive appraisal analysis, taking into consideration material factors such as zoning, the surplus of similar properties in the surrounding area, and photographs, along with the depressed economy of the community and its impact on local real estate values. *Id.* at 120. In contrast, the mortgagor's appraisal was "neither supported or explained." *Id.* Here, Little estimated the fair market value of the collateral at $151,000. His 62-page appraisal takes into account many of the factors highlighted by the Mississippi Supreme Court in *Allied Steel*. *See generally* Pl.'s Reply [27] Ex. 1.

[4]Wachovia provided ample record evidence to support its claims for costs and attorneys' fees. *See* Pl.'s Mot. [19] Ex. A, Rassias Aff. ¶ 10; *id.* Ex. B, Glover Aff. ¶¶ 6, 8. Defendants do not

      C.      Wachovia's Alleged Inequitable Conduct

Even where a deficiency exists, "the [C]ourt has jurisdiction after a foreclosure sale to determine any intervening fact which would make it inequitable to enter a deficiency decree." *Miss. Valley Title Ins. Co. v. Horne Const. Co.*, 372 So. 2d 1270, 1272 (Miss. 1979). Defendants claim that to award Wachovia a deficiency judgment would be inequitable in light of Wachovia's failure "to fund construction advances to which they were committed." Defs.' Mem. [25] at 3. Defendants correctly note that courts in Mississippi have denied a mortgagee's application for deficiency where the mortgagor showed inequitable conduct on the part of the mortgagee. *See, e.g.*, *Horne Const.*, 372 So. 2d at 1273–74 (affirming Chancellor's finding that mortgagee's failure to honor its commitments to make construction loans made it inequitable to render a deficiency decree). Nevertheless, Defendants fail to offer any evidence substantiating their claims of inequitable conduct on the part of Wachovia or otherwise proving that Wachovia reneged on promises to make construction loans to Defendants. *See TIG Ins. Co.*, 276 F.3d at 759. Defendants therefore fail to create a triable dispute of material fact on this claim.

IV.      Conclusion

Because Defendants introduced no evidence to support their claims in response to Wachovia's Motion for Summary Judgment, they failed to create a genuine dispute of material fact as to liability or damages. Wachovia's Motion is therefore granted. Wachovia is entitled to payment of $241,034.14, plus costs and fees as established in its Motion. Wachovia is further entitled to prejudgment interest at the rate of .26%. A separate Judgment will be issued in accordance with Rule 58 of the Federal Rules of Civil Procedure.

---

dispute the reasonableness of these calculations.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2011.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE